THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD ARICE HARVELL AND LAWRENCE GRAY ALLGOOD, Appellants.— Appeal from an order of the Supreme Court, Columbia County, denying a motion in the nature of a writ of error *coram nobis*. Upon the arrest of the defendants on a charge of murder in the first degree, they gave a full confession to the police authorities. They were arraigned before the County Judge of Columbia County, sitting as a committing magistrate; they waived a preliminary hearing and were held for the action of the Grand Jury. While awaiting this action, they were brought before the County Judge on an order to show cause granted by the County Judge upon the application of the then district attorney, directing the defendants to show cause "why an order should not be made by this court directing the Sheriff of the County of Columbia to forthwith transport the said defendants to the place and vicinity where they have heretofore stated that said weapon was disposed of for the purpose of giving their assistance in locating the exact whereabouts of the said weapon or parts thereof." The County Judge advised the defendants that they were entitled to be represented by counsel but no counsel had theretofore been assigned to them and the court did not inquire of them whether they wished to have counsel assigned and no counsel was assigned during the course of the proceeding. The court asked the defendants whether they had any objection to going with the sheriff to point out where the gun might be and the defendants stated they had no objection. The court thereupon issued an oral order to the Sheriff of Columbia County directing him to take the defendants "to such point in the county of Columbia as the defendant[s] may indicate to be taken, for the purpose of showing or pointing where the gun might possibly be found." The defendants were accordingly taken on a search. The gun was not found at that time but it was apparently found by the authorities later. It is not possible to determine from the present record whether the information given by the defendants on the occasion of the search, provided the prosecuting authorities with a clue which ultimately led to the finding of the gun. It does not appear whether the gun was introduced into evidence before the Grand Jury. We are informed that the gun was in the courtroom during the trial and reference was made to it but it was not offered in evidence. The minutes of the Grand Jury proceedings and the minutes of the trial are not part of the present record. The defendants were convicted of murder in the first degree with a recommendation of leniency and were sentenced to life imprisonment. They moved to vacate the judgment of conviction upon the ground that the proceedings before the County Judge and the search held pursuant thereto had violated their constitutional right to the aid of counsel and had compelled them to incriminate themselves. The Special Term

denied this motion without holding a hearing. Without attempting at this time to predetermine any of the legal questions involved, we believe that the matter should be remitted to the Special Term for the holding of a hearing at which the former district attorney may testify and at which full exploration may be made of the extent to which the search carried on pursuant to the County Judge's order had any impact upon the finding of the indictment or the course of the trial. We are indebted to R. Waldron Herzberg, Esq., counsel for the appellants, assigned by us upon this appeal, for the diligent preparation and presentation of the appeal. Order appealed from reversed and the matter remitted to the Special Term for the holding of a hearing. Bergan, J. P., Coon, Halpern and Gibson, JJ., concur.